## SMITH & McDANNALD et al. v. STATE INDUSTRIAL COM. et al.

No. 17961. Opinion Filed March 13, 1928.

Withdrawn, Corrected and Refiled Oct. 16, 1928.

Clayton B. Pierce and Burford, Miley, Hoffman & Burford, for petitioners.

Blanton, Osborn & Curtis, for respondents.

CLARK, J. This is an original action filed in this court by plaintiffs in error, petitioners, to review an award made by the State Industrial Commission on the 16th day of October, 1926, wherein respondent Alvin James Branham was awarded $18 per week for temporary total disability, which order and judgment of the State Industrial Commission petitioners ask this court to vacate and set aside.

Petitioners allege eleven different grounds or reasons why said award of the Industrial Commission should be vacated and set aside, which may be considered under two heads:

(1) That the award is not supported by sufficient evidence and is contrary to the evidence.

(2) That the award was contrary to the law governing injuries of this character.

The facts are that on January 13, 1926, respondent, Alvin James Branham, while in the employ of Smith & McDannald Drilling Company, suffered an accidental injury arising out of and in the course of his employment by falling a distance of 80 feet from a derrick, resulting in an injury to his right knee and, breaking several bones in his left foot and ankle. He was given medical attention; 10 days later broken bones were set and plaster of Paris cast

applied. About 35 days later the cast was removed and he was given further treatment. Later is was decided that an operation was necessary to remove a bone in the left foot. He was operated on on June 3, 1926, and a fragment of bone in his left foot removed. He was dismissed from further treatment on or about July 1, 1926.

Following the accident, the employer, through its insurance carrier, commenced the payment of compensation at the rate of $18 per week. Soon after July 1, 1926, insurance carrier arbitrarily ceased payment of further compensation. Respondent later notified the Industrial Commission, and his claim was set for hearing on September 27, 1926. At the conclusion of the hearing the Commission found:

"That the respondent was still disabled from the performance of ordinary manual labor and that the degree and extent of the permanent disability could not be determined at that time."

The order of the Commission is as follows:

"The Commission is therefore of the opinion: That, by reason of the aforesaid facts, the respondent, or insurance carrier, should pay claimant compensation at the rate of $18 per week from September 14, 1926, to date, being four weeks to October 11, 1926, a total of $72, and continue to pay claimant compensation weekly during the period of disability heretofore described or until otherwise ordered by the Commission."

The evidence at this hearing disclosed that respondent was unable to do any kind of manual labor. Petitioners insist that it was the duty of the Commission to determine the extent of the injury and make an award under subdivision 3 of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, which is as follows:

"In case of disability, partial in character, but permanent in quality, the compensation should be 66 2/3 per centum of the average weekly wages and should be paid to the employee for the period named in the schedule. * * * Foot—in the loss of a foot, 150 weeks. * * * For the permanent partial loss of use of a member or sight of an eye, 66 2/3 per centum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member or sight of an eye in which the partial loss of use thereof, bears to the total loss of use of such member or sight of an eye. * * * The compensation for the foregoing specific injuries shall be in lieu of all other compensation except the benefits provided in section 7288 (the medical aid section)."

That it was the duty of the Industrial Commission under this law to determine from the evidence what per cent. of loss of the use of the foot respondent maintained and to make an award awarding that amount, and that this amount would be in lieu of all other compensation.

If this contention of petitioners is true, and the statute be so construed, it would work irreparable injury and harm to those the industrial law was intended to protect. For illustration, should the evidence disclose that respondent, after several months treatment and several operations, should lose only one per cent. of the use of his foot, then he would only be entitled to one and one-half week's compensation.

It is the duty of this court to interpret the provisions of the industrial law liberally, with a view to accomplishing the result intended, which is to substitute a workable means of securing compensation to injured employees and to have industry bear its burden of the wear and tear on the human machine, or man power.

Compensation, as provided for in our industrial laws, is payment for the loss of earning power. The employee's average weekly wage is used as a basis to compute the compensation for certain specific injuries. It took away from the employee the right to sue for or settle for injuries suffered.

This court, in the case of Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762, in the first paragraph of the syllabus, said:

"The Workmen's Compensation Law should be construed fairly, indeed liberally, in favor of the employee."

In the case of McAlester-Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630, the first syllabus is as follows:

"The Workmen's Compensation Law is remedial legislation. and is for the benefit of the workmen and the state, and should, at all times, be broadly and liberally construed so as to effectuate its purpose."

In Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 Pac. 470, in the fourth paragraph of the syllabus, this court said:

"Workmen's Compensation Law should be liberally, rather than strictly, construed, both by the Industrial Commission and the Supreme Court on appeal, so as to give effect to its intent and purpose and so as to do justice between the parties."

In Chandler v. Industrial Commission of Utah, 184 Pac. 1020, it was held:

"Any doubt respecting right to compensation should be resolved in favor of the claimant."

It is our opinion that the Workmen's Compensation Law is remedial in character and intended to cure defects existing in former laws, and should be construed liberally to effect its legislative purposes. The purpose of the Workmen's Compensation Act is to compel industry to bear the loss and burden of industrial accidents rather than that such loss should be borne by the workmen themselves, their dependents, or the state at large.

This court, in Wick v. Gunn, 66 Okla. 316, 169 Pac. 1087, in the first paragraph of the syllabus, said:

"The Workmen's Compensation Act of this state must be construed as a whole and all presumptions indulged in will be in favor of those for whose protection the statutory compensation was fixed and who by the terms of the act are deprived of the ordinary remedies open to others whose rights are invaded."

The construction of the Workmen's Compensation Law as contended for by petitioners would lead to results so manifestly repugnant to the very purpose and intent of the compensation law that its incorrectness cannot be well doubted. The workmen's law must be construed so as to give effect to the clear intention of the Legislature.

Section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, sec. 6, at page 123, provides:

"The following schedule is hereby established. * * *"

Under this schedule subdivision 1 provides for permanent total disability. Subdivision 2 of this schedule provides for temporary total disability, and is as follows:

"In case of temporary total disability, 66 2/3 per centum of the average weekly wages shall be paid to the employee/ during the continuance thereof, but not in excess of 300 weeks except as otherwise provided in this act."

Then follows compensation for the loss of a finger, loss of a hand, loss of a foot, or other losses itemized under the schedule of compensation. It was under subdivision 2 of this section that the award of the Industrial Commission was made. The evidence was sufficient to support the finding of the Commission that the respondent had temporary total disability.

The period of temporary total disability is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of illness caused by the injury.

It is during that period the law authorizes the award of compensation for temporary disability. If complete recovery attends the patient, compensation ceases. It may never continue longer than 300 weeks. If the disability proves not temporary but permanent, it should be controlled by subdivision 1.

The Supreme Court of Montana, in the case of Dosen v. East Butte Copper Mining Co., 254 Pac. 880, said:

"If a man who has a broken leg is confined to his bed for a period of two months, during that time he is temporarily totally disabled. If the leg is so badly injured that a good recovery never ensues, or if complications from the injury set in so that he never makes a good recovery, he then has a permanent partial disability. The period of total disability has ceased and a period of partial disability has succeeded. Here are two classes of disabilities, one succeeding the other. When the total disability ends, and the extent of the partial disability, are questions of fact to be decided in the first instance by the Industrial Accident Board."

Under our statute and the schedule, supra, the employee is entitled to compensation for temporary total disability, and if the injury is of such a nature, when the period of total disability has ceased and partial disability has succeeded, one succeeding the other, are all questions of fact to be determined by the State Industrial Commission.

Petitioners contend that the following paragraph of our statute, "the compensation for the foregoing specific injuries," shall be construed to mean the loss of a hand or foot or other injuries so designated. With this construction we cannot agree. This section begins with the following statement: "The following schedule of compensation is hereby established," and under this schedule of compensation is temporary total disability, so the Commission's award for temporary total disability is not contrary to law and should be affirmed.

All the Justices concur.