## THOMPSON v. STATE INDUSTRIAL COMMISSION et al.

No. 20044. Opinion Filed Sept. 17, 1929.

Neal E. McNeill, for petitioner.

Clayton B. Pierce, Edwin Dabney, Atty. Gen., by Ralph Thompson, Asst. Atty. Gen., for respondents.

CLARK, J. This is an original action filed in this court by Theodore S. Thompson, to review an award of the State Industrial Commission made and entered on the 1st day of September, 1928, wherein the said Theodore S. Thompson was awarded 30 weeks' pay at the rate of $18 per week for permanent partial disability, for 15 per cent. loss of the use of petitioner's left hand.

The record discloses that petitioner was injured October 13, 1926. He was given emergency treatment and later removed to the hospital. On October 18, 1926, an operation was performed and the third finger on the left hand was amputated at the first joint. On December 16, 1926, a second operation was deemed necessary, and the same finger was amputated at the second joint. On January 10, 1928, another operation was performed, and this finger was taken off at the knuckle. The petitioner testified at the hearing that he remained in the hospital until February, 1927; that during this time and up to and until the last hearing had before the Industrial Commission he had been unable to perform the usual labor performed by petitioner.

It appears from the record and the award of the Industrial Commission that no attempt was made by the Industrial Commission to determine the amount of compensation that should be awarded the claimant for temporary total disability. It seems to have been the theory of the Industrial Commission that, regardless of how long this claimant was ill and remained in the hospital and how long he was prevented from earning money or performing any labor, the same should not be considered by the Industrial Commission in arriving at his right to compensation.

If the theory on which this case was tried by the Industrial Commission was the law of this state, the fact that an injured employee should sustain a partial permanent disability would preclude him from compensation for temporary total disability, would work a great injustice. For illustra-

tion, had the claimant's hand been so injured and the sickness and disability resulting from said injury had confined him to the hospital for one year, and after that year had elapsed partial permanent disability had been only one per cent. of the loss of the use of his hand, then, under the theory on which this case was tried by the Industrial Commission, the petitioner would be entitled to two weeks' compensation, or the sum of $36. We do not believe that this was the intention of the Legislature. The purpose of the Compensation Act under consideration was to make industry bear its proportionate share of the loss of man power and to reimburse labor for loss of earning power.

Subdivision 2 of section 7290, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, page 123, provides for the payment of compensation for temporary total disability, which is a specific injury under our compensation law. Subdivision 3 provides for payment of compensation for permanent partial disability, which is a specific injury. This claimant was entitled to compensation for temporary total disability, being that time or healing period during which, by reason of the injuries received, he was unable to work or was totally disabled. It was this period of time that the Industrial Commission failed to take into consideration or make any award for the loss of time for temporary total disability.

This question was passed on by this court in the case of Smith & McDannald et al. v. State Industrial Commission et al., reported in 133 Okla. 77, 271 Pac. 142, syllabus parags. 2, 3, and 4 of which read as follows:

"2. The Workmen's Compensation Act of this state (Comp. Stat. 1921, secs. 7282-7340, as amended) must be construed as a whole, and those laws enacted for the protection of labor should be liberally, rather than strictly, construed, both by the Industrial Commission and the Supreme Court, so as to give effect to the intention and purpose of the law.

"3. The purpose of the Workmen's Compensation Law is to make industry bear the loss and burden of industrial accidents and to compensate labor for loss of earning power.

"4. Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, the State Industrial Commission may make an award for temporary total disability, as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

As stated in the Smith & McDannald et al. v. State Industrial Commission et al., Case, supra, the period of temporary total disability is that temporary period after the accident during which the injured employee is totally incapacitated for work by reason of illness caused by the injury. It is during that period that the law authorizes the award of compensation for temporary total disability. If complete recovery attends the patient, compensation ceases. It may never continue longer than 300 weeks. If the disability proves not temporary, but permanent, it is controlled by subdivision 1. It was error for the Industrial Commission to consider only the permanent partial disability of petitioner. The record discloses that petitioner had several operations, was in the hospital for some time, during which period of time it cannot be contended that he was not disabled, and it is the duty of the Industrial Commission, under our statutes, to hear the evidence and determine the extent of petitioner's temporary total disability.

While the award for the permanent partial disability was the smallest that could possibly have been awarded under the record, this was a question of fact and was determined by the Industrial Commission, and under our law this finding of fact is conclusive on this court on review.

The case is therefore reversed and remanded to the Industrial Commission, with directions to determine the extent of petitioner's temporary total disability.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. SWINDALL, J., absent.