**DILLON et al. v. SPANHANKS et al.**

No. 18862. Opinion Filed Oct. 1, 1929.

Clayton B. Pierce, for petitioners.

John A. Brett and Lydick, McPherren & Jordan, for respondents.

HUNT, J. This is an original proceeding in this court to review an award of the State Industrial Commission dated October 11, 1927. The findings, conclusions, and order of the Commission are as follows:

"1. That on and prior to July 13, 1926, claimant was in the employment of J. Frank Dillon and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. That in the course of an arising out of his said employment, claimant on July 13, 1926, sustained an accidental personal injury in the nature of serious injuries to the chest and abdomen and to the left arm. and that, as a result of said injuries to the chest and abdomen, claimant was totally disabled from the performance of ordinary manual labor from the date of said injury to May 11, 1927, for which said disability compensation has been paid, and that in addition to the above-mentioned disability resulting from said accidental injury claimant suffered the loss of 50 per cent. of the use of the left arm.

"3. That the average wage of claimant at the time of his said injury was $5 per day.

"The Commission is of the opinion, on consideration of the foregoing facts, that claim-

ant is entitled to compensation in addition to the compensation heretofore paid for a period of 125 weeks at the rate of $18 per week for the permanent loss of 50 per cent. of the use of claimant's left arm.

"It is therefore ordered that within ten days from this date respondent, J. Frank Dillon, or his insurance carrier, Employers Casualty Company, pay to claimant, W. M. Spanhanks, the sum of $2,250, same being 250 weeks compensation at the rate of $18 per week.

"It is further ordered that within 30 days from this date respondent or insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

Petitioners herein complain of said order and urge two propositions for its review and reversal:

First. That the evidence does not support the findings, and that the findings by the Commission do not support its conclusions and the order based thereon, and that said order is grossly excessive.

Second. That the order is illegal in that petitioners are directed to pay compensation for permanent partial loss of use of an arm, in addition to compensation for temporary total disability, contrary to the provisions of subdivisino 3 of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Laws of 1923, and that said order and award is erroneous and illegal in that the effect of same is to require petitioners to pay compensation at a rate per week exceeding the sum of $18.

The injury to the claimant herein occurred on July 13, 1926, and after numerous hearings before the State Industrial Commission the order herein complained of was entered on October 11, 1927. In support of their first proposition, petitioners contend that there is no evidence upon which to base the finding of permanent loss of 50 per cent. of use of claimant's left arm and call our attention to the testimony of Doctors John, Miller, Riley, and Von Wedel, being all the witnesses heard as to disability in addition to claimant, the testimony of Doctors John and Miller and the claimant having been given at the hearing conducted in Hugo on July 13, 1927, just one year after the injury, and the testimony of Doctors Von Wedel and John W. Riley having been given in Oklahoma City. the former on July 30, 1927, and the latter on August 5th. Other hearings appear to have been held prior to the Hugo and Oklahoma City hearings above mentioned, but the order herein complained

of is based by specific reference thereto on the testimony taken at said last-named hearings. It appears from the transcript that on August 8, 1927, the commission made its finding of 35 per cent. permanent loss of use of left arm and allowed claimant 87½ weeks compensation therefor. Respondent and insurance carrier, petitioners herein, on August 17, 1927, filed their motion to vacate the order of August 8th and reconsider the testimony, which motion was, by the Commission, denied on August 24, 1927. Thereafter, on September 6, 1927, upon agreement of claimant and respondent, the order of August 8th was vacated and set aside until such time as the testimony and records might be reviewed and considered by the Commission, and without further hearing the order herein complained of was entered on October 11, 1927.

Petitioners urge that "there was no witness who fixed the degree of permanent disability at as much as 50 per cent." and upon this assumption proceed to argue that the evidence does not support the finding of the Commission as to permanent loss of 50 per cent. of the use of claimant's left arm. In support of this contention petitioners cite Integrity Mutual Casualty Co. v. Garrett, 100 Okla. 185, 229 Pac. 282, and quote therefrom as follows:

"While the statute provides that 'in all other cases permanent total disability shall be determined' by the facts, the facts can only be obtained from the evidence adduced from the witnesses as in any other civil action, and the Commission must be bound by the evidence, and by that alone."

We adhere to this authority, but from our examination of this record we cannot agree with petitioners' contention as to no witness fixing the degree of permanent partial disability at as much as 50 per cent., but, in our judgment, the testimony of Doctors John and Miller, given in July, 1927, one year after the injury occurred, very definitely fixed the degree of permanent partial disability at 50 per cent., and Dr. John further testified that the maximum point of reconstruction had been reached. This testimony meets all the requirements of the rule laid down in Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785, St. Louis Mining & Smelting Co. v. Ind. Comm., 113 Okla. 179, 241 Pac. 170, and St. L.-S. F. Co. v. Criner, 41 Okla. 256, 137 Pac. 705, cited and relied upon by petitioners.

It is true there was some conflict in the testimony of the doctors, but it was exclusively the province of the Commission to

pass upon this testimony, and under the well-established rule in this jurisdiction we are bound by their findings, if there is any competent evidence to support the same. The findings of the Commission upon this question of fact having been assailed, under the rule announced in Brooks v. A. A. Davis Co., 124 Okla. 146, 254 Pac. 66, cited and relied upon by petitioners, it becomes our duty to review the record and determine as a matter of law whether there is evidence to support the finding of the Industrial Commission, and, following this rule, we have reviewed this entire record, and find as a matter of law that there is evidence to support the finding of the Commission on this proposition, and same will therefore not be disturbed in this proceeding.

We come now to the second proposition urged by petitioners, to wit: That the order is illegal in that petitioners are directed to pay compensation for permanent partial loss of use of an arm in addition to compensation for temporary total disability.

In addition to the compensation allowed by the Commission for temporary total disability "as a result of said injuries to the chest and abdomen" from July 13, 1926, to May 11, 1927, the Commission also allowed compensation for a period of 125 weeks at the rate of $18 per week for the permanent partial loss of use of claimant's left arm. This, petitioners contend, was improper, in that subdivision 3, sec. 7290, specifically provides that the compensation awarded for specific loss of a member shall be in lieu of all other compensation, and therefore the amount paid from July 13, 1926, to May 11, 1927, for temporary total disability should have been deducted from the total of $2,-250 allowed for permanent partial loss of use of left arm. On the other hand, respondent herein contends that this is a case involving multiple injuries, that is, more than one injury as a result of the same accident, or separate injuries to different parts of the body as a result of the same accident, and further contends that, where such condition exists and the bodily injuries to chest and abdomen, as found by the Commission in this case, temporarily totally disabled the claimant, in addition to the permanent disability to the specific member, he is entitled to compensation for both the period of temporary total disability and to the specific allowance made by the statute for the 50 per cent. permanent loss of use to the left arm.

Voluminous and exhaustive briefs have been submitted on this proposition, but in

our judgment the answer to the question here presented is found in the opinion of this court in the case of Smith & McDonald v. State Industrial Comm., 133 Okla. 77, 271 Pac. 142, wherein this court said:

"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws of 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

This is exactly what the Commission did in this case, made an award for temporary total disability and subsequently awarded compensation for permanent partial disability, except in the instant case the injury to the chest and abdomen for which the temporary total disability award was made did not "subsequently become" a permanent partial disability, but, as shown by the order of the Industrial Commission, the permanent partial disability award herein was made for the injury to claimant's left arm, and the resultant loss of 50 per cent. of the use thereof, both injuries growing out of the same accident.

Certainly, then, if under the rule announced in Smith & McDonald v. The Industrial Commission, supra, the Industrial Commission was authorized to make an award for temporary total disability and also for permanent partial disability under the facts therein, it was not error for the Industrial Commission to make the award herein complained of under the facts herein.

This question was also presented and the rule announced in Smith & McDonald v. State Industrial Commission, supra, was followed in the very recent case of Thompson v. State Industrial Commission et al., No. 20044, decided by this court on September 17, 1929, 138 Okla. 166, 280 Pac. 597. We consider these cases decisive of the question here presented, and that this court is committed to the rule therein announced. It therefore becomes unnecessary to review the numerous authorities cited by counsel in support of their respective contentions.

Finding no error of law in the award of the Commission, and that there is competent evidence supporting same, it follows that the petition for review and reversal must be, and the same is hereby, denied.

All the Justices concur, except MASON, C. J., and HEFNER, J., absent.

Note.—See under (2) anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5

R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. § 82, p. 94, n. 89; § 114, p. 115, n. 37; § 127, p. 122, n. 40.