## BERGER et al. v. AHUERO et al.

No. 20852.   Opinion Filed April 1, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

J. Z. Werby, for respondents.

DIFFENDAFFER, C.   Fred F. Ahuero, while in the employ of C. L. Berger, received accidental injuries under circumstances entitling him to compensation under the provisions of the Workmen's Compensation Act.   The United States Fidelity & Guaranty Co. was insurance carrier for the employer.   Claimant's injuries were to his hand and arm and to his leg.   The date of the injury was September 1, 1928.   He was temporarily totally disabled up to July 31, 1929, for which he was awarded compensation and his claim therefor was paid.   His injuries resulted in permanent partial loss of the use of the left leg, to the extent of 25 per cent., for which he was awarded compensation for 43¾ weeks at $18 per week in addition to the compensation allowed for temporary total disability, 9 weeks of which had accrued at the date of the hearing, which was ordered paid, and the remaining 34¾ weeks were, on application of claimant, ordered paid in a lump sum, allowing 3 per cent. compound discount.

To review the award, petitioners bring this proceeding.

The only question presented is the right to compensation for a specific injury resulting in permanent partial loss of the use of one leg in addition to, or to commence at the expiration of, the period for which compensation was allowed for temporary total disability, caused by injury to the hand and arm and the injury to the leg, all of which injuries were received in the same accident.

The award was for such compensation, and petitioners' claim that the amount allowed for temporary total disability should be deducted from the amount allowable for the permanent partial disability.   The period of temporary total disability was 46 weeks. The amount allowable for permanent total loss of the use of one leg is 175 weeks; 25 per cent. thereof is 43¾ weeks.   To sustain petitioners' contention would be to allow claimant nothing whatever for the permanent partial disability, since the period of temporary total disability was longer than the period causing permanent partial disability.

This is no longer an open question in this state.   The contention of petitioners has been denied in Smith & McDannald v. St. Ind. Com., 133 Okla. 77, 271 Pac. 142; Thompson v. State Ind. Com., 138 Okla. 166, 280 Pac. 597; Dillon v. Spanhanks, 139 Okla. 32, 280 Pac. 1100; Hazelton Coal Co. v. State Industrial Commission, 141 Okla. 142, 284 Pac. 302.

Petitioners cite a number of cases from other jurisdictions, some of which seem to uphold their contention, but this court is committed to the rule adopted by the State Industrial Commission in the instant case.

Petitioners cite Amerada Pet. Corp. v. Williams, 134 Okla. 179, 272 Pac. 828, as sustaining their contention.   The question here presented was not passed upon there, except that the court apparently approved an order wherein the State Industrial Commission had made an award of 52½ weeks for 30 per cent. permanent partial loss of use of one leg, amounting in all to $945, allowing the employer credit for $234 theretofore paid.

It appears, however, that claimant therein was at all times claiming only a permanent partial disability, and that was what the Commission finally found.   Claimant therein was not pressing his right to compensation for temporary total disability, either before the Commission or before the court.

The question here presented was not in that case and could not have been without a cross-petition in error by claimant, and there was none.

The petition should be denied.

BENNETT, HERR, EAGLETON, and HALL, Commissioners, concur.

By the Court: It is so ordered.