This action is to review an award made by the State Industrial Commission on the 21st day of October, 1929. The order is, in substance, as follows: That, on about the 23rd day of May, 1929, the claimant, W.L. Pendley, sustained an accidental injury while in the employ of the H.R. Turner Drilling Company, as a result of which his left arm was broken and his shoulder injured; that the claimant was paid $18 a week as temporary total disability until the 31st day of September, 1929, amounting to $252; that the claimant's wage was $7 a day, and that as a result of the accident claimant suffered a loss of the use of his left arm to the extent of 40 per cent., and that by reason thereof claimant is entitled to 100 weeks' compensation for 40 per cent. loss of his left arm at $18 a week, amounting to $1,800. A lump sum payment was ordered, amounting to $1,749.30, which is not attacked in this appeal.
After this action was filed, it was agreed between the parties that the sole and only injury sustained by the claimant, within the purview of the Workmen's Compensation Law (Comp. Stat. 1921, secs. 7282-7340, as amended) was that which the State Industrial Commission found with reference to his left arm.
The only proposition presented by this action is stated in petitioners' brief as follows:
"It is our contention that the amount which the claimant has recovered during total disability should be deducted from the award which is given for specific injury, and that his compensation for partial disability should be on that basis."
The record clearly discloses, and it is not disputed, that the claimant was temporarily totally disabled for a period of 14 weeks, and that the State Industrial Commission awarded him compensation therefor. At the end of this period it was found by the Industrial Commission that, as a result of the injury, claimant suffered a partial permanent disability to the extent of 40 per cent. of the use of his left arm, and made an order accordingly.
Did the Commission err, as a matter of law, in making the award to this claimant for temporary total disability, and, in addition, an award for his partial permanent disability? We think this question has been decided by three prior opinions of this court.
In the case of Smith McDannald v. State Industrial Commission, 133 Okla. 77, 271 P. 142, the fourth paragraph of the syllabus is as follows:
"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability, as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."
The identical syllabus was also used in the cases of Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597, and Dillion v. Spanhanks, 139 Okla. 32, 280 P. 1100.
It is the contention of petitioner in the case of Smith 
McDannald v. State Industrial Commission, supra, that claimant's accident *Page 291 
consisted of an injury to his right knee and broken bone in his left foot, and that therefore the injuries were multiple; and that the same is true in the case of Dillon v. Spanhanks, supra, where the injuries were to the chest and abdomen, and also to the left arm. While the injury in those cases was multiple, that fact was not controlling, as will appear from a careful reading of the opinion. That the injuries were multiple was not even mentioned in the case of Smith McDannald v. State Industrial Commission, and it is quite evident that this fact was not considered by the court in writing that opinion. It was mentioned in the case of Dillon v. Spanhanks, supra, and, in discussing the contentions that the injuries were multiple, the court uses the following language:
"Certainly, then, if, under the rule announced in Smith 
McDannald v. Industrial Commission, supra, the Industrial Commission was authorized to make an award for temporary total disability, and also for permanent partial disability, under the facts therein, it was not error for the Industrial Commission to make the award herein complained of under the facts herein."
In the last opinion, the court recognized that, in the case of Smith McDannald v. State Industrial Commission, there was no question as to the injuries being multiple, and, in our opinion, the court clearly indicates in both cases that the question of whether the injuries were multiple makes no difference so far as the general principle is concerned.
In the case of Thompson v. State Industrial Commission, supra, while the injuries were not multiple, it is contended by petitioner that the Industrial Commission did not consider the question of temporary total disability, and the opinion only goes to the extent of directing that the Industrial Commission determine whether or not claimant suffered a temporary total disability. But, from an examination of this case, we think it clearly appears that the court intended to, and did, decide the identical question here presented.
Several cases from other jurisdictions are relied upon, but, as we are of the opinion that the question has been settled by our court, we will not discuss cases from other states. It might be said, however, that while there are some jurisdictions which, perhaps, hold contrary to the rule adopted in this state, there are also authorities in accord with the conclusion of this court.
The petitioner also relies upon the case of Amerada Petroleum Co. v. William, 134 Okla. 177, 272 P. 828. In that case the Industrial Commission deducted the amount allowed for temporary total disability from the amount which was awarded for permanent partial disability, but that order was not appealed from by the claimant, and the question here involved was not presented nor decided by the court in that opinion.
Several other contentions are made, but we think they are all decided in the cases above referred to, nor do we think it necessary to again discuss the reasons for our conclusions, as we believe they are clearly set out in said cases.
The order of the Industrial Commission is affirmed.
TEEHEE, LEACH, REID, and DIFFENDAFFER, Commissioners, concur. BENNETT, Commissioner, dissents.
By the Court: It is so ordered.
Note. — See under (1) 28 R. C. L. p. 821; 3 R. C. L. Supp. p. 1599; 5 R. C. L. Supp. p. 1577. See Workmen's Compensation Acts — C. J. § 82, p. 94, n. 89.