## UNITED ENGINEERS & CONSTRUCTORS, Inc., et al. v. CURTISS et al.

No. 21017. Opinion Filed April 15, 1930.

Nowlin, Spielman & Thomas, C. W. Conner, and L. L. Conner, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and J. Z. Werby, for respondents.

REID, C. With all interested parties before the State Industrial Commission, on November 15, 1929, it made and entered its finding that F. Curtiss sustained an injury to his wrist and forehand, arising out of and in the course of his employment by United Engineers & Constructors, Inc., on June 22, 1929, whereby he was temporarily totally disabled from the time of the injury to October 25, 1929, and for which period he had already been paid $18 per week by the insurance carrier. And it was further found that the injury resulted in a 20 per cent. permanent partial disability to the claimant's hand. Upon this finding the Commission adjudged, in substance, that claimant was entitled to the compensation he had already been paid for temporary total disability, and in addition thereto was entitled to $18 per week for 40 weeks computed from October 25, 1929, for the permanent partial disability of 20 per cent. loss to his hand.

The petitioners, United Engineers & Constructors, Inc., and he Alliance Casualty Company, the insurance carrier, have lodged in this court this proceeding to review the foregoing award; the ground of complaint being that the order of the Commission is in violation of section 7290, C. O. S. 1921, in that the Commission in fixing the amount of compensation due the claimant awarded him compensation both for temporary total disability, and also for the permanent partial disability suffered by him on account of the partial loss of the use of his hand.

We regard the question here presented as no longer an open one under the decisions of this court. In the case of Thompson v. State Industrial Commission, 138 Okla. 166, 280 Pac. 597, the court passed directly on the question, and decided the same adversely to the petitioner's contention. And the cases of Smith & McDannald v. State Industrial Commission, 133 Okla. 77, 271 Pac. 142, and Dillon v. Spanhanks, 139 Okla. 32, 280 Pac. 1100, hold the same way. With this situation in our decisions, and observing no reason why we should depart from the previous holdings of this court on the question, we must conclude that the findings and order of the Industrial Commission in this case should be affirmed and it is so ordered.

HERR, TEEHEE, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1916A, 257; 28 R. C. L. p. 820. See Workmen's Compensation Acts—CJ §82, p. 94, n. 89.