## EAGLE-PICHER LEAD CO. v. POWELL et al.

No. 21149. Opinion Filed May 12, 1931.

J. H. Jarman and Solus S. Brooks, for petitioner.

Anton Koch, for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioners, to review an award made by the State Industrial Commission on the 6th day of February, 1930, and amended on the 13th day of February, 1930, wherein respondent, John Powell, was awarded permanent partial disability for 150 weeks at $15.39 per week, being 75 per cent. loss of use of right hand, or a total amount for permanent partial loss of use of right hand $2,308.50, being in addition to temporary total disability theretofore paid to respondent.

Petitioners contend:

"1. There was not sufficient evidence on which to base an award of 75 per cent. loss of the use of the claimant's right hand."

The question is well settled by the holding of this court that questions of fact will not be reviewed by this court where there is any competent evidence to support the same.

The evidence in this case discloses, in substance, as follows:

Respondent testified that he had not been able to use his hand since it was injured; that he was unable to perform any manual labor at the date of the trial, and had not performed any work since the accident.

Dr. Sadler testified, in substance, that he had examined the hand, and as far as manual labor was concerned, he was 50 per cent. disabled. With proper treatment there might be some improvement. That the joints were practically stiff.

Dr. Simpson testified, in substance, that he examined respondent's hand; that the loss of the use of the hand was about 90 per cent. for manual labor and, in his opinion, it will be permanent.

Dr. Kilpatrick testified, in substance, that claimant, respondent here, had a 50 per cent. loss of the use of the hand, and that it might get better.

The Commission made the finding of 75 per cent. permanent partial loss of the hand, and there being competent evidence to sustain the finding, it will not be disturbed by this court.

The next contention of the petitioners is as follows:

"The award is contrary to law in that it attempts to provide compensation for temporary total disability, under subdivision 2 of section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, in addition to compensation for permanent partial disability under subdivision 3 of said section 7290."

2

This statute was construed in the case of Smith & McDannald v. State Industrial Commission, 133 Okla. 77, 271 Pac. 142, in which it was held in the fourth paragraph of the syllabus as follows:

"Under section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability, as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

This court followed this holding in the cases of Thompson v. State Industrial Commission et al., 138 Okla. 166, 280 Pac. 597, Dillon et al. v. Spanhanks et al., 139 Okla. 32, 280 Pac. 1100, Hazelton Coal Co. v. State Industrial Commission et al., 141 Okla. 142, 284 Pac. 302, and H. E. Turner Drilling Co. et al. v. Pendley et al., 142 Okla. 290, 286 Pac. 886.

Therefore, under the statute, the employee is entitled to compensation for temporary total disability, and if the injury is of such a nature, when the period of temporary total disability has ceased and permanent partial disability has succeeded, one succeeding the other, and the extent thereof, are all questions of fact to be determined by the State Industrial Commission.

A careful review of the evidence adduced before the Commission and the law applicable thereto, we are of the opinion the judgment and award should not be disturbed. Judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.