**DAILEY, CRAWFORD & PEVETOE et al. v. RAND et al.**

No. 22811. Opinion Filed March 1, 1932.

Roy V. Lewis and Miley, Hoffman, Williams & France, for petitioners.

Perry W. Morton, for respondents.

CLARK, V. C. J. This is an original action to review an award of the State Industrial Commission, made and entered on the 10th day of August, 1931, in favor of Chas. Rand, wherein the Industrial Commission awarded the said Chas. Rand 30 weeks' compensation for permanent partial disability. The second and third paragraphs of said award read as follows:

2. "That on the 23rd day of December, 1927, an order was made in this cause awarding said claimant compensation in the amount of $351 for temporary total disability from August 2, 1927, to December 21, 1927 (less the 5-day waiting period) on account of said accidental injury."

3. "That since said award was made there has been a change for the worse in the condition of the claimant and he now has a permanent partial disability consisting of ten per cent. decrease in wage-earning capacity, in the same employment or otherwise, as a direct result of aforementioned accidental injury."

The award states the Commission is of the further opinion that claimant is entitled to 10 per cent. of 300 weeks' compensation, or 30 weeks' compensation at the rate of $18 per week, or the sum of $450 on account of the 10 per cent. decrease in wage-earning capacity as above set out.

The record in this case shows that petitioner was injured on the 2nd day of August, 1927; that he received a fractured hip; that on January 24, 1928, there was filed with the Commission an agreed statement of facts, wherein it was agreed that respondent was to receive 19 weeks' and 3 days' pay at $18 per week for temporary disability. On the 23rd day of December, 1927, the Commission entered an award, awarding the respondent 19 weeks' and 3 days' compensation at $18 per week, or a total of $351. On October 6, 1930, respondent filed with the Commission a petition to reopen said cause in order that the degree of his injury may be determined; that he have a lump sum settlement in payment of said injury.

Hearing was had, evidence was taken, and the award entered complained of in this action.

In the award before this court for consideration, there was an attempt to give respondent compensation for permanent partial disability. Petitioners contend that the award was not supported by evidence and was contrary to law.

A careful examination of the record will disclose there is considerable evidence as to the condition of respondent and as to whether it resulted from the injury or from disease. Since the award must be vacated on other grounds, we will not at this time pass on the weight of the evidence. The award is contrary to law, as contended by petitioners. The award was made for 10 per cent. of 300 weeks; 300 weeks is not the basis on which this award should be calculated. The third subdivision of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, reads as follows:

"In this class of disabilities the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

This section of the sta'ute applies to the character of disability, if any, suffered by respondent in this cause. The injury being a hip injury was not a loss or partial loss of any specific member of the body, and clearly comes under this statute, and compensation can only be determined by the difference in the earning capacity of respondent, immediately prior to the injury and subsequent thereto. The 300 weeks is a maximum that may be allowed for this character of injury.

This court, in case of Texas Company v. Roberts, 146 Okla. 140, 294 P. 180, in the first and second paragraphs of syllabus, said:

1. "Compensation for a permanent partial disability falls within the third subdivision of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, S. L. 1923, and where such permanent partial disability is not one of those specifically mentioned, it falls within the classification of 'other cases,' and is calculated upon the basis of 66⅔ per cent. of the difference between the previous average weekly wage and the subsequent wage-earning capacity, and continues during such partial disability, but not to exceed 300 weeks."

2. "Such an award under 'other cases' (subdivision 3, section 7290, C. O. S. 1921, as amended) is for incapacity to work as a result of injury, which under a liberal interpretation of the law, means compensation for loss of earning power of the workman as a result of injury, whether the loss manifests itself in inability to perform obtainable work or inability to secure work to do."

Also see Allen Water Co. v. Davis, 150 Okla. 13, 300 P. 793. This rule so established has been followed consistently by this court.

Petitioners contend there was no evidence to show a change of condition for the worse. This was an application to determine permanent partial disability. There had been no determination by the Industrial Commission of permanent partial disability in this cause. There had been a determination of temporary total disability and an award therefor.

This court held in Thompson v. State Industrial Commission, 138 Okla. 166, 280 P. 597, in the second paragraph of the syllabus, as follows:

"Under section 7290, Compiled Oklahoma Statutes 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded."

In the case of H. E. Turner Drilling Co. v. Pendley, 142 Okla. 290, 286 P. 886, in the first paragraph of the syllabus, this court says:

"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability, as a specific injury, notwithstanding that the same may subsequently become a permanent partial disability for which compensation may be awarded, although the award may be based upon one injury to a specific member of the body, such as an arm."

In the case of Dillon v. Spanhanks, 139 Okla. 32, 280 P. 1100, in the first paragraph of the syllabus, this court says:

"Under section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, the State Industrial Commission may make an award for temporary total disability and subsequently award compensation for permanent partial disability for injury to a specific member growing out of the same accident, where the facts warrant same."

The respondent, claimant below, was in

error when he asked the Commission to reopen said cause on the grounds of changed condition, unless there had been a change in condition for the worse since the last award for temporary total disability. The application to determine permanent partial disability could be determined by the Commission without a change in condition. The Commission, not having made an award for permanent partial disability, had jurisdiction to determine that issue if there existed a permanent partial disability, and said permanent partial disability was not to a specific member for which an award had been provided by the statute; then it would come under subdivision 3 of section 7290, supra; however, had the Industrial Commission heretofore made an award for permanent partial disability, said award could be reopened and compensation increased or diminished in accordance with the facts.

The finding of the Commission that respondent had suffered a 10 per cent. permanent partial disability and that the same was 10 per cent. of 300 weeks, was erroneous and contrary to law. The award is vacated and the cause remanded to the Commission, with instructions to proceed in accordance with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and SWINDALL, JJ., absent.

Note.—See under (2) annotation in L. R. A. 1916A, 257; 28 R. C. L. 822; R. C. L. Perm. Supp. 6245. (3), 28 R. C. L. 820.