## HARBOUR-LONGMIRE-PACE CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 21643. Opinion Filed Feb. 10, 1931.

Baldwin & Lamun, for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the respondent herein.

It is contended by the petitioners that:

"The employee was not at the time of his injury engaged in a hazardous employment under the Workmen's Compensation Act, and the Commission made no finding to that effect; the record shows that Harbour-Longmire-Pace Company operated a retail store in the city of Shawnee, and was not, and is not, included within the provisions of the act."

The respondent contends that the petitioner was engaged in a hazardous employment within the meaning of the Workmen's Compensation Act and that his injury arose out of and in the course of his employment, and that two or more workmen were therein employed. He contends that the Harbour-Longmire-Pace Company was operating a factory within the terms of the act and that it was operating a workshop within the terms of the act.

The record discloses that the Harbour-Longmire-Pace Company was operating a retail furniture store in the city of Shawnee in which it kept goods for sale, in which it repaired furniture bought by it for sale and furniture repossessed by it after having been sold on conditional sale, and that it fabricated draperies and curtains from materials on hand. It carried on its books various departments, but the departments were commingled on the three floors occupied by it. It had for use in its drapery department, but used also by employees in other departments, a motor driven, ordinary type Singer sewing machine. It had for use in its repair department a large size foot power Singer sewing machine. It had for use in its repair department a paint gun consisting of a glass fruit jar with a cap on it which was operated by an electric motor.

The question of whether or not, under

those circumstances, the business of the Harbour-Longmire-Pace Company was within the terms of the Workmen's Compensation Act is a question of fact. City of Pryor v. Chambers, 138 Okla. 118, 280 Pac. 585. The act defines the classes of industries and business enterprises which come within the meaning thereof. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 Pac. 491.

The act (chapter 61, sec. 1, Sess. Laws 1923) provides for compensation where the injuries were sustained by the employee while engaged in certain hazardous employments therein listed. The respondent has selected from that list three classes of employment in which he alleges that he was engaged.

The pertinent portion of the act reads as follows:

"Factories, cotton gins, mills and work shops wherein machinery is used. * * *"

The respondent contends that the Harbour-Longmire-Pace Company was operating a factory within the terms of the act. It manufactured curtains and draperies, and, in our opinion, that is within the terms of the act and constitutes a factory. It also operated a workshop where machinery was used, to wit, a shop where furniture was repaired and upholstered. Machinery was used therein, in that a large Singer sewing machine was operated therein.

We think that the record is sufficient to show that the respondent was injured while in the employ of the Harbour-Longmire-Pace Company while engaged in a hazardous employment within the provisions of the Workmen's Compensation Act; that two or more were employed therein and that his injury arose out of and in the course of his employment.

It is contended by the petitioners that:

"The proof also shows that the injury to claimant's hand is not now substantial or serious, and that a minor operation would be sufficient to remedy same; that the small swelling that still remains, about half the size of a pecan, will gradually diminish."

The question of fact as to whether or not the injury sustained resulted in temporary total disability for a period and a permanent partial disability thereafter was a question of fact for the State Industrial Commission, and, if there was any evidence reasonably tending to sustain the award of the State Industrial Commission, this court will not disturb the award. Nash-Finch Co. v. Harned, 141 Okla. 187, 284 Pac. 633.

There is evidence in the record reasonably tending to sustain the finding as to a permanent partial disability to the extent of 15 per cent. loss of use of the right hand. That testimony came not only from the claimant, but from a physician. That portion of the award is affirmed.

There is no testimony in the record reasonably tending to support the finding of temporary total disability. The claimant went about his work after having hurt his wrist and worked for three weeks, as found by the State Industrial Commission, at the end of which time he was laid off by his employer. Thereafter he was out of work, but not because he was temporarily totally disabled. He testified:

"By Mr. Baldwin: Q. Mr. Casey, I believe you stated this injury occurred on or about October 23, 1929? A. 22nd or 23rd. Q. And that you worked on two weeks after that injury? A. Either two or three weeks, something like that. Q. Doing such work as you could? A. Mr. Rogers told me to do what I could. Q. Could you use both your hands? A. No, sir; just one hand. Q. Could you use your injured hand? A. No sir."

—and:

"Q. Now, after this three weeks period, how long was it after that time you were unable to do any work? A. Well, it was right around two months or better. Q. Two months besides the three weeks? A. Yes, sir. Q. Did you try to do any work? A. Yes, sir; I have had several jobs I couldn't do. I had one job I could have gone to work, but I couldn't do it. Q. When was that? A. That was just here recently. Q. You say you were paid for three weeks salary after the injury and that you were unable to work for two months after the three weeks? A. About two and a half months. Q. And that you tried several times to work—why didn't you work? A. I didn't have any strength or grip in my hand."

There is no question as to the injury of the claimant's left hand, but his right hand was not injured, his body was sound, he was not confined to his home and he was able to use his right hand and his entire body except his left arm. He worked in upholstering furniture, refinishing furniture, helped to hang shades and draperies, helped to load and unload trucks, helped the truck driver, laid linoleum, and "just general work all through the store and clerk." At certain times he helped to repair the elevator. He was injured by working in the alley in the rear of the store helping to unload merchandise from a truck.

Part of his duties was to go out and buy second-hand stuff.

In determining whether or not a man ·is totally disabled due consideration must be given to the character of the duties required of him under his employment at the time of his injury. There is nothing in this record to show that this man was totally disabled even temporarily.

The award of the Commission should have been for a permanent partial disability from the date of his injury, less the five-day waiting period, and he should have been compensated for that period less the amount paid him for wages during the time. It may be that immediately after the injury he was disabled to more than 15 per cent. of the use of his hand. That is a question of fact. There is nothing in this record to sustain the finding that he ·was temporarily totally disabled. The finding of the Commission was that he suffered disability of his right hand. The evidence shows that it was his left hand.

Where the injury is not such as to totally disable the employee, there should be a finding as to the temporary partial disability, and when thereafter it is shown that the disability is permanent, there should be a finding as to the permanent disability.

In so far as the award of the Commission provides for temporary total disability, it is reversed. The cause is remanded to the State Industrial Commission, with directions to make an award in conformity herewith.

LESTER, C. J,, CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., not participating.

Note.—See under (1) anno. L. R. A. 1916A, 217 et al.; L. R. A. 1917D, 156; 28 R. C. L. p. 720.   (3) L. R. A. 1916A, 254; 28 R. C. L. p. 820, et seq.; R. C. L. Perm. Supp. p. 6243.