**OTIS ELEVATOR CO. et al. v. HAVELEY et al.**

No. 21161. Opinion Filed March 3, 1931.

Rehearing Denied March 31, 1931.

Ames, Cochran, Ames & Monnet and John F. Butler, for petitioners.

Edwards & Robinson, for respondents.

HEFNER, J. This is an original proceeding brought in this court to review an award of the Industrial Commission. A portion of the award is as follows:

"That said claimant returned to work for said respondent on the 6th day of August, 1929, following his injury on November 20, 1928, at a wage of approximately $40 per week; that he has continued in said employment from that day until this, and in the interim has earned an average wage of $33.50 per week; that at the time he returned to work he was wearing what is referred to as 'Taylor Body Brace'; that he has continued to wear said 'Taylor Body Brace,' from the time of his return to work, and that he is at this time wearing said 'Taylor Body Brace'; that without the use of said 'Taylor Body Brace'; said claimant is permanently and totally disabled from performing any kind of manual labor; and and that said total disability resulted from the accidental injury received in the course of his employment by the respondent on November 20, 1928."

The average wage of the claimant before the injury was $40 per week. After the injury it was $33.50 per week. He returned to work on the 6th day of August, 1929, and the hearing was had on March 8, 1930. During this period of time he was wearing the body brace. Without its use he could not have done the work; with its use he could and did do the work.

In its award the Commission did not take into consideration the average weekly wage of $33.50 earned after he returned to work.

The award was based on the theory that he was totally disabled without the brace and should be awarded compensation accordingly.

It has been the uniform holding of this court that in the absence of a specific injury or an injury specifically compensated for by the statutes, such as the loss of a finger, the residuary clause of the Workman's Compensation Act is applicable and that compensation is to be fixed as two-thirds of the difference in earning capacity before and after the injury. If the claimant had lost a finger, he, of course, would be entitled to the award for that loss without reference to his earning capacity thereafter, because that is specifically provided for by the statute. In this case, however, he has lost no member of his body, and his award comes clearly within the residuary clause of the Industrial Act (Comp. St. 1921, sec. 7290, as amended by Laws 1923, c. 61, sec. 6), which is as follows:

"Other cases: In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability; not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

In the case of Furson Coal Co. v. State Industrial Commission, 105 Okla. 261, 232 Pac. 802, the facts were very similar to the facts in the case at bar. The syllabus of that case is as follows:

"A permanent partial disability resulting from injury to the spine is subject to compensation under the last paragraph of subdivision 3, section 7290, Comp. Stat. 1921.

"The compensation should be based on 50% of the difference between claimant's average daily wage at the time of his injury and his wage-earning capacity thereafter, in the same employment, or such other line of employment as the physical condition of the claimant will permit him to follow with reasonable comfort.

"Record examined; held, there is not any evidence to support the finding of the Commission that the claimant has been temporarily totally disabled since November 9, 1920."

In the case of Integrity Mutual Casualty Co. v. Garrett, 100 Okla. 187, 229 Pac. 282, this language appears:

"It may be said, however, generally, that incapacity or disability cannot be found to be total where it appears that the

claimant's earning power is not wholly destroyed, and that he is still capable of performing remunerative employment. In such a case he is under the obligation of making active efforts to procure such work as he can still perform."

The wearing of the brace was part of the treatment by the doctors looking toward the permanent recovery of the claimant. During that period, if the claimant can perform labor with reasonable comfort, it is his duty to do so, and the claimant has done that very thing in this case, for which he is to be commended. The opinion of most of the physicians who testified is that he will entirely recover. This, however, is a matter of opinion, and it may be that he will or will not become entirely well. If necessary, that is a matter that can be gone into by the Commission in the future.

We think the claimant should be awarded compensation is accordance with the residuary clause of paragraph 3, section 7290, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, sec. 6, supra.

This statute makes this character of claim subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest, and the award may be increased or diminished in accordance with right and justice.

The award of the Industrial Commission is vacated, and the case is remanded, with direction for it to take such further proceedings as to it may seem just and right and not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.