### SOUTHERN TRUCKS, Inc., et al. v. GREGG et al.

No. 21899. Opinion Filed March 31, 1931.

Cheek & McRill, for petitioners.

J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. Petitioners filed in this court their original action to review an award of the State Industrial Commission made and entered on the 18th day of October, 1930, wherein O. C. Gregg, respondent herein, was awarded $18 per week for 100 weeks on account of permanent partial disability of 20 per cent. sustained by reason of an accidental injury, and also $36 for two weeks' compensation at the rate of $18 per week for temporary total disability. The Industrial Commission found that respondent Gregg had a permanent disability and computed said permanent disability at 20 per cent. of 500 weeks, the maximum allowed for total disability.

Dr. Von Wedel stated that there was 7½ per cent. disability to the right arm and 15 per cent. disability to the left arm as a result of the accident. However, the Commission made no finding as to the loss of use of members, to wit, the right and left arms. The computation of 20 per cent. of 500 weeks was error.

This court in the case of Texas Co. et al. v. Roberts et al., 146 Okla. 140, 294 Pac. 180, in the first and second paragraphs of the syllabus, held:

"1. Compensation for a permanent partial disability falls within the third subdivision of section 7290, C. O. S. 1921, as amended by c. 61, sec. 6, S. L. 1923, and where such permanent partial disability is not one of those specifically mentioned, it falls within the classification of 'other cases,' and is calculated upon the basis of 66⅔ per cent. of the difference between the previous average weekly wage and the subsequent wage-earning capacity, and continues during such partial disability, but not to exceed 300 weeks."

"2. Such an award under 'other cases' (subdivision 3, section 7290, C. O. S. 1921, as amended) is for incapacity to work as a result of injury, which under a liberal interpretation of the law means compensation for loss of earning power of the workman as a result of injury, whether the loss manifests itself in inability to perform obtainable work or inability to secure work to do."

We are of the opinion that this construction of permanent partial disability of the Industrial Law of this state is correct, and the rule announced in this case will be adhered to, and the award in so far as the same relates to permanent partial disability is erroneous.

The judgment and award of the Industrial Commission is reversed, the cause remanded, with directions to set aside the judgment and award so entered, and a new trial granted.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.