**ALLEN WATER CO. et al. v. DAVIS et al.**

Nos. 21720, 21794, Consolidated. Opinion

Filed June 23, 1931.

Cheek & McRill, for petitioners.

H. M. Ledbetter, for respondents.

McNEILL, J. This is an original action in this court to review certain orders and awards made by the Industrial Commission. It appears that there have been three hearings before the Industrial Commission. On September 17, 1930, the petitioners filed in this court their original action No. 21720, to review an order made by the Industrial Commission on August 23, 1930. On or about October 4, 1930, the same petitioners filed their original action No. 21974 in this court to review an award made in the same action by the Industrial Commission, dated September 12, 1930. The petitioners have filed in this court a motion to consolidate said actions, setting up that said original actions arose out of the same action before the Industrial Commission. This court sustained said motion, and the parties have briefed the actions as in one case.

The respondent, George M. Davis, was, on July 23, 1929, an employee of the appellant, Allen Water Company, and was engaged as a day laborer. On that date he was dragging some logs out of a lake site when he was accidentally caught by two logs to which he had hitched a team of mules. He was knocked down with the logs on his left leg, and after being dragged some 12 or 15 feet, sustained certain injuries. At the time of the accident respondent was earning top wages in the sum of $4 per day, and had been working for the company for approximately two years. At the time of the injury he was in good health, and had not been under the care of a doctor for approximately 27 years. He received an injury to his left foot, left hip, and left leg, right hand, two middle fingers, and middle finger and thumb on the left hand. The record shows that petitioner and insurance company paid to respondent $89.78 compensation, evidenced by stipulation and receipt signed by respondent on October 17, 1929, and which was filed with the Commission on October 22, 1929. On December 13, 1929, respondent filed a claim with the Industrial Commission, charging that he had sustained permanent loss of the use of his left foot. A motion to reopen was filed with the Commission on April 23, 1930, on the grounds that respondent had received a permanent injury to the left foot, and permanent injury to his right hand and finger by reason of said injury; and that he had never been paid anything for his permanent injury; and there had never been a hearing to de-

termine the extent of said injury. Respondent in said motion acknowledged receipt of $89.78 as compensation for said injury. Upon respondent's motion to reopen the case and award for further compensation, the matter was set for hearing. The first hearing was at Ada on June 5, 1930, and respondent testified that he was working for the Allen Water Company on the date of the injury, to wit, July 3, 1929. In his own language he stated as follows:

"A. Well, we had been dragging timber out of a lake. I had two logs tied together with a team of mules hitched to them, when they hooked around a stump, and as I stepped back to release it, and one of the drivers ripped out an oath and struck his mule, and my mules jumped, and I fell and struck the leg just below the knee and they drug me awhile, but I got it stopped, and my left leg was under me and I reached back with my left hand to catch the log to keep it from going over me, and finally I got the mules stopped and got out from under it. Q. Did it hurt your ankle at that time? A. Yes, and something cut my little finger to the bone."

On August 23, 1930, after the aforesaid three hearings, the Industrial Commission made its award in favor of respondent, finding, in part, as follows:

"(1) That claimant, George M. Davis, sustained an accidental personal injury on July 23, 1929, received out of and in the course of his employment with the respondent herein.

"(2) That, as result of said injury, claimant was temporarily disabled from the date of accident to September 26, 1929, being five weeks and five days, less the five-day waiting period, for which he is to receive $15.39 a week, in the amount of $89.78, which has heretofore been paid.

"(3) That, by reason of said accident, claimant sustained a permanent partial disability of 25 per cent. by reason of a log that was being drug by a team turning over and caught his left foot and ankle, breaking the ankle bone, for which he is to receive 37 weeks and three days; at the rate of $15.39, amounts to $577.12.

"(4) That claimant's average daily wage at the time of said accidental injury was $4 a day.

"The Commission is of the opinion: That by reason of the foregoing facts, respondent, Allen Water Company, or its insurance carrier, Fidelity Union Casualty Company, shall pay claimant the sum of $577.12 as permanent partial compensation for a period of 37 weeks and three days, which is all due at this time; that all temporary total compensation has been paid.

"It is therefore ordered: That within ten days from this date, the respondent, or its insurance carrier, pay to the claimant the sum of $577.12, being permanent partial compensation as result of an injury to claimant's left foot and ankle."

Respondent contends that this was an erroneous order and award. The Commission upon its own motion, on September 12, 1930, set the same aside and substituted therefor the order and award which, in part, is as follows:

"Now, on this 12th day of September, 1930, the State Industrial Commission being regularly in session, this cause comes on to be considered on motion of the Commission, it appearing that error was made in order of the Commission, made and entered herein on the 23rd day of August, 1930, and the Commission, being thus advised, is of the opinion that said order should be vacated, set aside, and held for naught, and the following order substituted:

"Now, on this 12th day of September, 1930, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearing had on June 5, 1930, at Ada, Okla., * * * and hearings at Oklahoma City June 25, 1930, * * * and July 3, 1930. * * *

"Having reviewed the testimony taken at said hearings, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission finds:

"That claimant, George M. Davis, sustained an accidental personal injury on July 23, 1929, received out of and in the course of his employment with the respondent herein.

"That, as result of said injury, claimant was temporarily disabled from the date of accident to September 26, 1929, being five weeks and five days, less the five-day waiting period, for which is awarded $15.39 a week in the amount of $89.78, which award has heretofore been paid.

"That also by reason of said accident, claimant sustained 25 per cent. total disability by reason of injury to his right hand and left hip and ankle at the rate of $15.39 a week for 125 weeks, amounting to $1,923.75.

"That the claimant's daily average wage at the time of the accident was $4 per day.

"The Commission is of the opinion: That, by reason of the foregoing facts, respondent, Allen Water Company, or its insurance carrier, Fidelity Union Casualty Company, shall pay the claimant the sum of $1,923.75, as compensation for 25 per cent. total disability to his left hip and ankle and to his right hand; and that all temporary total compensation has heretofore been paid.

"It is therefore ordered: That within 30 days from this date, the respondent file with the Commission proper receipt or other report, evidencing compliance with the terms of this order."

This award was duly filed on September 15, 1930, and a copy of same was sent to each of the parties affected thereby on the 15th of September, 1930. On the same day, the petitioners filed their bond in reference to said award made on the 23rd of August, 1930. On the 23rd of September, 1930, petitioners filed before the Commission their motion to set aside the order of September 12, 1930, contending in said motion that they had presented an appeal bond for the approval of the Secretary of the Commission on September 15, 1930, which was approved by the Secretary of the Commission on said date; that said bond and petition were filed in the Supreme Court Clerk's office on September 17, 1930; that the order made by the said Industrial Commission, dated September 12, 1930, was not received by the petitioners until September 18, 1930; that the Commission was without jurisdiction to make said last order and without authority to correct an error or make an additional award in any case after notice of appeal, which was being perfected, had been received by the Industrial Commission, and requested the Commission to set aside the order dated September 12, 1930. This motion, in which petitioners stated that they appeared specially for the purpose of making said motion only, was never passed upon by the Commission as shown by the record. The same is without merit. Section 7297, C. O. S. 1921; 3 C. J. 1243. Thereafter, on October 4, 1930, petitioners filed their bond before the Commission in reference to the order and award of the Commission under date of September 12, 1930.

Petitioners contend: (1) That the finding of fact by the Commission is indefinite and insufficient to sustain its conclusion that the petitioner suffered a 25 per cent. total disability; (2) that the claimant was not engaged as a manual laborer in hazardous employment coming under the terms of the act; (3) that the Commission had no jurisdiction or authority to set aside its award made August 23, 1930; (4) that the evidence would not sustain a finding of fact as to any permanent loss of use of the hand rather than of a finger or fingers.

In the first award, made on August 23, 1930, the Commission found that respondent had sustained a permanent partial disability of 25 per cent., and awarded him 37 weeks 3 days' compensation at the rate of $15.39, amounting to $577.12. In the correction of its order and award, the Commission found that the respondent sustained 25 per cent. total disability, and awarded him compensation at the same rate for 125 weeks, amounting to $1,923.75.

The evidence in this case justifies a finding of permanent partial disability. There was ample evidence before the Commission to sustain this finding of fact. Dr. Forsythe testified that respondent had a 25 per cent. permanent total disability by reason of the injury sustained from this accident. He treated respondent from the date of the accident at the request of the petitioner, and his services were paid for by petitioner.

Dr. John C. Hubbard, who was appointed by the Commission at the request of the petitioner, testified that the respondent was not able to do very much work, but that he would not attribute his not being able to work solely to the accident which happened on July 23, 1929; that it was the natural process of senility and the natural process of his age that makes him disabled; that he is 25 per cent. permanently totally disabled; that he cannot state whether or not this is solely due to the accident in question; and that, because of the condition of his hip, ankle and hand, his efficiency has been reduced 25 per cent.

Dr. R. F. King testified as follows:

"My conclusions were, this man's condition is bad and will continue so for balance of life, that is, his ability to earn a living for himself and family. That his disability I consider to be 100 per cent. Taking in consideration the longevity of his family, father reaching the age of 85, grandfather 110, and on his mother and grandmother reaching about the age of 80, and he not having had a doctor with him for 27 years before this injury, and having been able to earn a living for himself and family, it is my conclusion that the injury is the cause of this man's condition. Q. Doctor, you mean to say to the court, from your examination you found this man to be 100 per cent disabled? A. Yes, sir, for earning a living for himself and his family."

The Industrial Commission has made no finding as to the earning capacity of respondent after the accident, even though the Commission may have computed that the respondent had sustained 25 per cent. permanent partial disability, which is the meaning of its finding when it states that "respondent sustained 25 per cent. total disability by reason of the injury." This does not permit the Commission to compute the compensation on the basis at the rate of $15.39 a week for 125 weeks in the absence of a determination of the earning capacity of the respondent after the accident. There is evidence in the record showing that respondent is able to perform some work, and there is no finding by the Commission that he does not have some earning capacity. In

cases of this character, wherein the respondent has sustained permanent partial disability, the residuary clause, to wit, "other cases" of paragraph 3, section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, should apply, and the compensation should be based upon 66⅔ per centum of the difference in the earning capacity before and after the injury, and should continue during such partial disability, not to exceed, however, a period of 300 weeks, but subject at all times to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest. M. T. Smith & Sons Drilling Co. v. Breed, 146 Okla. 135, 294 Pac. 137; Texas Co. v. Roberts, 146 Okla. 140, 294 Pac. 180; Southern Trucks, Inc. v. Gregg, 148 Okla. 64, 297 Pac. 269; Otis Elevator Co. v. Haveley, 148 Okla. 82, 296 Pac. 1106; Cosmos Mining Co. v. State Industrial Comm., 101 Okla. 283, 225 Pac. 720; Fursman Coal Co. v. State Industrial Comm., 105 Okla. 261, 232 Pac. 802; Blake v. Smock, 147 Okla. 281, 96 Pac. 750.

Counsel for petitioners urge that the respondent was not engaged as a manual laborer in a hazardous employment coming under the terms of the Workmen's Compensation Act. "Water works," at the time of the accident in question, is specifically named as a hazardous employment, and petitioners have admitted liability and jurisdiction in this case by filing the stipulation and receipt paid to the respondent herein. This was binding on petitioners, and we are of the opinion that they are not now in position to urge at this time that respondent was not engaged in a hazardous employment within the provisions of said act.

Petitioners also urge that the Commission had no jurisdiction or authority to set aside its order or award made on August 23, 1930. On the other hand, counsel for respondent contends that said order or award was erroneous; that there was no evidence in the record or no claim of respondent which would justify the Commission in making such an order or award; and that the Commission, upon finding its mistake and error, upon its own motion set aside said award of August 23, 1930, and substituted therefor the award made on September 12, 1930, which order and award was in accordance with the evidence in this case. It is our opinion that the Commission in this action had the right to correct its order or award of August 23, 1930, within the 30 days provided for by section 7297, C. O. S. 1921, as amended by chapter 61, Session Laws 1923.

Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 Pac. 176.

The award of the Commission is remanded, with directions to correct its award in accordance with the views herein expressed, and to determine the difference in the earning capacity of respondent before and after his injury.

LESTER, C. J., and CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents.