## AMERADA PETROLEUM CORP. et al. v. STATE INDUSTRIAL COM. et al.

No. 21749.   Opinion Filed June 23, 1931.

Keaton, Wells, Johnston & Barnes and B. C. Davidson, for petitioners.

E. P. Ledbetter, Warren Phillips, and L. A. Ledbetter, for respondents.

CLARK, V. C. J. This is an original action in this court to review an award of the State Industrial Commission made and entered on the 23rd day of August, 1930, wherein respondent, W. J. Swift, was awarded compensation in the sum of $900 for loss of hearing, and a further award of 30 per cent. permanent total disability and nine weeks' temporary total disability computed from July 2, 1927, to September 7, 1927.

Petitioners contend:

First. That the record does not support an award for serious and permanent disfigurement in the nature of the loss of hearing. Section 7290, as amended by chapter 61, sec. 6, S. L. 1923, provides, in part, as follows:

"In case of an injury resulting in the loss of hearing, or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of $3,000; provided, that compensation for the loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section. but shall be taken into consideration in fixing the compensation otherwise provided."

Petitioners contend that the evidence is insufficient to support an award for serious and permanent disfigurement. This was not an award for serious and permanent disfigurement. The award was for injuries and disfigurement by loss of hearing by reason of an explosion.

The claimant testified that he could not hear; that his hearing was seriously impaired. Dr. J. W. Henry testified that he had examined the respondent, and had him under observation, and that his hearing was seriously impaired. The Commission found that respondent had lost the hearing of one ear and partial loss of the other. This is a finding of fact and supported by competent evidence. Judgment and award as to the compensation in the sum of $900 for loss of hearing is affirmed.

The Commission further found that, arising out of and in the course of such employment with the respondents herein, claimant sustained injuries on the 7th day of July, 1927, which have resulted in a 30 per cent.

permanent partial total disability, and awarded the claimant compensation for a period of 150 weeks, same being for 30 per cent. of permanent total disability.

It is the contention of petitioners that the evidence is insufficient to support a finding that respondent, Swift, sustained a 30 per cent. total disability. The evidence is clear that respondent sustained a serious injury. The record discloses that respondent was working for petitioners, who, in their work, were using dynamite, and that respondent was about 20 steps from five or seven cases of dynamite on a truck that exploded; that repondent was rendered unconscious from the explosion.

Dr. J. W. Henry testified that he had examined respondent, and had him under observation for several days; that he had had two years' experience in the army; that he had seen hundreds of boys in the same condition, and it was due to what they called shell shock, and usually they will not get any better. He was asked the following questions:

"Q. In your judgment and experience, is he a man that is able to work? A. No, he is not. Q. What, is your judgment as to the result of work by him, that is, hard work, manual labor, being in that condition? A. Well, I don't think in the first place that he can stand up under hard manual labor, and, well, even an effort at hard labor would not be good for this patient. Q. What is your judgment as to the condition, is it a progressive condition, that is, whether or not it is permanent? A. Yes, I think it is permanent. I think it is progressive condition. his mental condition will grow worse from time to time, as time goes on, and I have an idea that he will perhaps grow worse rather rapidly."

Respondent testified that he was a strong, able-bodied man before the accident, and that subsequent thereto he was unable to perform the usual manual labor.

The evidence in this case was sufficient to support the finding of the Industrial Commission of permanent partial disability; however, the Commission was in error in computing the compensation to be allowed the respondent. The evidence tends to disclose that, at the time of trial, respondent was able to perform some little work and still had some earning capacity left. This case comes under subdivision 3 of sec. 7290, as amended by chap. 61, sec. 6, S. L. 1923, which reads as follows:

"Other Cases: In this class of disabilities, the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or other-

wise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest."

This statute was construed by this court in Fursman Coal Co. v. State Industrial Commission, 105 Okla. 261, 232 Pac. 802, first and second paragraphs of the syllabus of which read as follows:

"1. A permanent partial disability resulting from injury to the spine is subject to compensation under the last paragraph of subdivision 3, section 7290, Comp. Stat. 1921.

"2. The compensation should be based on 50 per cent. of the difference between claimant's average daily wage at the time of his injury, and his wage-earning capacity thereafter in the same employment, or such other line of employment as the physical condition of the claimant will permit him to follow with reasonable comfort."

The accident in this case occurred prior to the 1923 amendment; the old law gave the claimant 50 per cent. of his average weekly wages.

In M. T. Smith & Son Drilling Co. v. Breed, 146 Okla. 135, 294 Pac. 137, in the first paragraph of the syllabus, this court says:

"In an action before the State Industrial Commission, where it appears the claimant has sustained a permanent partial disability compensable under the last paragraph of subdivision 3, s. 7290, C. O. S. 1921, as amended by chap. 61, sec. 6, S. L. 1923, that the claimant's average weekly wages prior to the date of the accident amounted to $81 per week, that the claimant's earning capacity thereafter was $42 per week, held, under section 7290, C. O. S. 1921, as amended by chap. 61, sec. 6, S. L. 1923, subd. 3, and the last paragraph thereof, providing, '* * * in this class of disabilities, the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter, * * *' the Commission did not err in fixing claimant's rate of compensation at $18 per week."

This court, in the case of Texas Co. v. Roberts, 146 Okla. 140, 294 Pac. 180, in the first and second paragraphs of the syllabus, held:

"1. Compensation for a permanent partial disability falls within the third subdivision of section 7290, C. O. S. 1921, as amended by c. 61. S. L. 1923, and where such permanent partial disability is not one of those specifically mentioned, it falls within the classification of 'other cases,' and is calculated upon the basis of sixty-six and two-thirds per cent. of the difference between the previous average weekly wage and the subsequent wage-earning capacity, and continues during such partial disability, but not to exceed 300 weeks.

"2. Such an award under other cases (subdivision 3, sec 7290, C. O. S. 1921, as amended) is for incapacity to work as a result of injury, which under a liberal interpretation of the law means compensation for loss of earning power of the workman as a result of injury, whether the loss manifests itself in inability to perform obtainable work or inability to secure work to do."

And also, in case, Southern Trucks v. Gregg, 148 Okla. 64, 297 Pac. 269, which follows the rule announced in the Roberts Case, supra.

It therefore follows that the award of the Industrial Commission awarding the claimant 30 per cent. permanent total disability is erroneous, and is vacated and set aside, with directions to the Industrial Commission to proceed in accordance with the views herein expressed by determining the difference in the earning capacity of claimant prior to the injury and the earning capacity subsequent to the injury, and allowing the claimant compensation equal to 66⅔ per cent. of the loss in earning capacity, controlled by maximum and minimum provided by the Industrial Law, which cannot be greater than $18 per week. nor less than $8 per week, taking into consideration the amount allowed for loss of hearing. The award for temporary total disability for nine weeks is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS. McNEILL, and KORNEGAY, JJ., concur.