### J. E. MABEE, Inc., et al. v. REYNOLDS et al.

No. 22116. Opinion Filed Sept. 29, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Cooke & McBride and A. L. Jeffrey, for respondent H. E. Reynolds.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission rendered in favor of H. E. Reynolds, finding that the claimant had received an accidental injury while in the employ of respondent, J. E. Mabee, Incorporated, awarding claimant compensation in the amount of $18 per week for 34 weeks and 2 days and to continue at the rate of $18 per week for a period of not to exceed 300 weeks, or until otherwise ordered by the Commission. The record discloses that the claimant, while in the employ of the respondent, and while lifting on a piece of pipe injured his hip and back. He was given medical treatment and later returned and did some light work, but each time he attempted to work complained that his injury became more painful and that he was compelled to cease work. The petitioner herein, respondent below, sets out four assignments of error in their brief, which are:

"1. The Commission's finding that the claimant was temporarily totally disabled from April 15, 1930, to January 22, 1931, except for the periods from June 1 to 18, 1930, July 28 to 30, 1930, and December 18, 1930, to January 12, 1931, and its order requiring payment of compensation for such time, are not reasonably supported by any evidence.

"2. The Commission's finding that the claimant's average daily wage was $7 and its order requiring payment of compensation at the rate of $18 a week are not reasonably supported by any evidence and are contrary to section 7289, C. O. S. 1921.

"3. The Commission's order requiring the payment of compensation in the sum of $618 'less any sum or sums heretofore paid,' is indefinite and uncertain and does not constitute a determination as to how much compensation is payable to the employee.

"4. The Commission's finding and order requiring payment of compensation at the rate of $18 per week to be continued from January 22, 1931, for a total period not to exceed 300 weeks, or until otherwise ordered by the Commission, is not reasonably supported by any evidence."

The first, second, and fourth assignments of error, as presented, pertain to the evidence in said cause as presented to and passed upon by the Commission. The question of whether or not the award of the Commission is reasonably supported by the evidence has been passed upon numerous times by this court, wherein the court held that where there was any evidence reasonably tending to support the findings and award as made by the Commission, the same will not be reviewed by this court on appeal.

In the case of Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633, this court held:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and

award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

See, also, Shell Pipe Line Co. v. Camper, 143 Okla. 94, 287 P. 1009; Pickering Lumcer Co. v. Campbell, 147 Okla. 158, 295 P. 596; Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456; and Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963.

The third assignment of error states that the Commission's order requiring the payment of $618 less any sum or sums heretofore paid is indefinite and uncertain.

There is not sufficient information in the record for this court to determine the correctness or incorrectness of the same, and said assignment will not be considered.

After careful consideration of the entire record in this case and the authorities cited, we conclude, and hold, that the petition to vacate the award of the State Industrial Commission should be denied, with directions to carry out the award.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation Acts, § 116.