## BURNS et al. v. PHILLIPS et al.

No. 22491.   Opinion Filed April 5, 1932.
Rehearing Denied May 17, 1932.

John F. Butler, for petitioners.

A. B. Carpenter, for respondents.

LESTER, C. J.   The petitioners herein filed their action in this court seeking to set aside an award of the Industrial Commission in favor of the claimant, Frank Phillips.

Petitioners urge two reasons why the award should be vacated: First, that the claimant was not an employee of the petitioner, Burns, at the time of the injury. Second, that the entire evidence in the case shows that the claimant suffered a partial temporary disability, and not a total temporary disability.

An examination of the record reveals that the report of the injury was made by one L. R. Schenck, and that said report named Burns as the employer. The evidence also shows that Burns disposed of certain interest in the well for the purpose of financing same, and it is also shown that the employers' liability insurance ran in the name of Burns.

In our judgment the facts and circumstances of the case are such that they constitute evidence sufficient to sustain the findings of the Industrial Commission that Burns was the employer of the claimant. On the question of whether or not the claimant was entitled to an award on temporary or partial, we do not find any evidence to support the finding of the Com-

mission that the temporary disability was total.

The claimant testified in part (record pp. 14-15) :

"Q. You worked about two-thirds of the time since the injury? A. Yes, sir. Q. You were off about six days and then went back to work? A. Yes, sir. Q. Now, at first you got so much a day? A. Yes, sir; $8 a day. Q. Later on you took the contract at about $8 a foot? A. Yes, sir. Q. Have you ever complained to any of these gentlemen you could not work? A. Yes, sir. Q. Was not able to work? A. Yes, sir. Q. What did they say to you? A. They insisted that I go out and finally boss the job. Q. You haven't been actually doing labor then? A. No, sir, I have been doing light work, the tool dresser has been doing all of my heavy lifting. Q. You have been doing light work? A. Yes, sir; I have been doing light work. Q. You are still employed by these people now, are you? A. Yes, sir."

Paragraph 4 of section 6, ch. 61, Session Laws 1923, provides:

"Temporary Partial Disability : In case of temporary partial disability, except the particular cases mentioned in subdivision 3 of this section, an injured employee shall receive 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or otherwise, if less than before the injury during the continuance of such partial disability, but not in excess of 300 weeks, except as otherwise provided in this act."

In the case of Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456, this court said:

"There is no testimony in the record reasonably tending to support the finding of temporary total disability. The claimant went about his work after having hurt his wrist and worked for three weeks, as found by the State Industrial Commission, at the end of which time he was laid off by his employer. Thereafter he was out of work, but not because he was temporarily totally disabled. He testified:

" 'By Mr. Baldwin: Q. Mr. Casey, I believe you stated this injury occurred on or about October 23, 1929. A. 22nd or 23rd. Q. And that you worked on two weeks after that injury? A. Either two or three weeks, something like that. Q. Doing such work as you could? A. Mr. Rogers told me to do what I could. Q. Could you use both your hands? A. No, sir; just one hand. Q. Could you use your injured hand? A. No, sir. * * *'

"Where the injury is not such as to totally disable the employee, there should be

a finding as to the temporary partial disability, and when thereafter it is shown that the disability is permanent, there should be a finding as to the permanent disability."

The award of the Commission in finding that Burns was the employer is affirmed. The award of the Commission in finding that the claimant was totally disabled is vacated, with instructions to the Industrial Commission to enter an award finding that the claimant was temporarily partially disabled for the period of time as shown by the record.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 145, 259; 17 A. L. R. 205; 67 A. L. R. 790; 28 R. C. L. 820; R. C. L. Perm. Supp. p. 6245; R. C. L. Pocket Part, title Workmen's Compensation, § 106.