## MAGNOLIA PETROLEUM CO. v. ALLRED et al.

No. 23133. Opinion, Filed Nov. 15, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioner and claimant.

On August 21, 1926, the claimant received an accidental personal injury which arose out of and in the course of his employment with the petitioner and which resulted in temporary total disability within the meaning of subdivision 2 of section 13356, O. S. 1931, and in permanent partial disability within the meaning of the "other cases" provision of that section. His temporary total disability ceased on September 13, 1926, on which date he returned to work for the petitioner at the same kind of work that he had been doing prior to his injury in so far as this record shows, at the same wages. He was paid compensation for temporary total disability in the sum of $42 and a stipulation and receipt on what is

known as "Form 7" was signed by him, filed with the State Industrial Commission and approved by the order of the Commission. The State Industrial Commission neither made nor denied an award for permanent partial disability. When he returned to work he was not totally disabled, but he was partially disabled. In the language of this court in Western Steel Erecting Co. et al. v. Lukenbill et al., 143 Okla. 92, 287 P. 724, temporary total disability means the healing time, or that period of time which the claimant, or the employee, by reason of the injury, is unable to perform any kind of labor and is totally disabled. As stated in Otis Elevator Co. et al. v. Haveley et al., 148 Okla. 82, 296 P. 1106, incapacity or disability cannot be found to be total where it appears that the claimant's earning power is not wholly destroyed and that he is still capable of performing remunerative employment. See, also, Harbour-Longmire-Pace Co. et al. v. State Industrial Commission et al., 147 Okla. 207, 296 P. 456. After the claimant returned to work for the petitioner he continued to so work for the petitioner for a period of nearly four years. At the end of that time the petitioner realized that he was partially disabled and, in an effort to remedy his condition, offered him additional hospitalization and medical attention. He accepted that offer, left his work for the petitioner, came to Oklahoma City, and was here treated by a physician at the expense of the petitioner. During the time he was being so treated, and thereafter, the petitioner paid him compensation at the rate of $18 per week without any award therefor having been made by the State Industrial Commission.

It is apparent from the record that the treatment furnished the claimant was of no subtsantial benefit to him and that his partial disability is permanent. The petitioner doubtless realized those facts, for, on September 9, 1931, it filed with the State Industrial Commission a request that it set the cause for hearing and that it determine the amount of permanent partial disability of the claimant. On November 5, 1931, the State Industrial Commission found that the claimant had sustained an accidental personal injury arising out of and in the course of his employment with the petitioner; that his average wage at the time of the injury was $6 per day; "that the temporary total compensation to which said claimant is entitled by reason of said accidental injury has heretofore been paid, the last payment thereof being made on October 14, 1931"; that as a result of said accidental injury the wage-earning capacity of

the claimant had been reduced from $6 per day to $2 per day in the same employment or otherwise "as a result of said accidental injury and the permanent partial disability suffered by claimant as a result thereof," and that by reason of the claimant's permanent partial disability he is entitled to 66 2/3 per centum of the difference between his average weekly wages at the time of said accidental injury and his wage-earning capacity thereafter, not to exceed $18 per week, payable during the continuance of such permanent partial disability, not to exceed 300 weeks, and it awarded compensation to the claimant "at the rate of $15.39 per week for a period not to exceed 300 weeks from the 14th day of October, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest."

We find no error in the finding of the State Industrial Commission that the claimant sustained a permanent partial disability as a result of an accidental personal injury rising out of and in the course of his employment with the petitioner; in its finding that the average wage at the time of the injury was $6 per day, or in its finding that the earning capacity of the claimant had been reduced from $6 per day to $2 per day in the same employment as a result of the accidental injury and the permanent partial disability sustained by reason thereof.

The petitioner contends that the State Industrial Commission erred in failing to determine the extent of the claimant's disability. We cannot agree with that contention. The injury complained of comes within the "other cases" provision of section 13356, supra. An award in such cases for permanent partial disability is computed on the loss of earning capacity and not on the degree of the disability. Texas Co. et al. v. Roberts et al., 146 Okla. 140, 294 P. 180; Dailey, Crawford & Pevetoe et al. v. Rand et al., 155 Okla. 229, 8 P. (2d) 738, and Allen Water Co. et al. v. Davis et al., 150 Okla. 13, 300 P. 793. We find no error in the State Industrial Commission refusing to find the extent of the disability sustained.

While the State Industrial Commission found that the temporary total compensation to which the claimant was entitled had theretofore been paid, it made no specific finding as to when the total disability ceased. Its finding that the last payment thereof was made on October 14, 1931, under the evidence in this case, in effect, was a finding that the claimant was temporarily to-

tally disabled during the time he was being treated at Oklahoma City. The record shows that he was not totally disabled during that period. During that period he was only partially disabled. The record shows that the total disability ceased on the 13th day of September, 1926, and there is nothing in the record to show that the claimant was thereafter totally disabled.

While the State Industrial Commission made no specific finding as to the date when the permanent partial disability commenced, by its award, in effect, it held that the permanent partial disability commenced on the 14th day of October, 1931. There is no evidence in the record to support that finding. The record shows that the claimant was permanently partially disabled from the time of his injury. Under the decisions of this court, an award for temporary total disability may be made in addition to the award for permanent partial disability, and in those cases the award for permanent partial disability is effective at the expiration of the period of the temporary total disability. Eagle-Picher Lead Co. v. Powell et al., 149 Okla. 1, 299 P. 142, and M. T. Smith & Sons Drilling Co. et al. v. Breed et al., 146 Okla. 135, 294 P. 137. That rule is applicable to the facts shown in this case. Compensation for the temporary total disability was paid. After the 13th day of September, 1926, the claimant was entitled to an award for permanent partial disability at the rate of 66 2/3 per centum of the difference between his average weekly wages and his wage-earning capacity in the same employment or otherwise payable. It is apparent from the record that there was no difference between his average weekly wages and his wage-earning capacity in the same employment or otherwise payable during the four-year period in which he was working for the petitioner. It is apparent from the record that when he was sent by the petitioner to Oklahoma City for further treatment, he lost his wage-earning capacity temporarily and that he was entitled to compensation at the rate of 66 2/3 per centum of his average weekly wages prior to his injury. The petitioner paid him compensation at the rate of $18 per week.

While the claimant agreed that the amount so paid to him should be credited on the amount to be awarded to him for permanent partial disability, that agreement was without consideration and it was in violation of the provisions of section 13371, O. S. 1931. The petitioner is entitled to a credit therefor, not by reason of the agreement, but by reason of the fact that it has paid the compensation.

The award of the State Industrial Commission was "for a period not to exceed 300 weeks from the 14th day of October, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest." That award is in violation of the provisions of the act. The act authorizes an award for a period not exceeding 300 weeks. That period commences with the beginning of the permanent partial disability. It does not commence with the date of the award. In the instant case the State Industrial Commission was authorized to make an award after the date of the injury in 1926. The fact that the award was not made until 1931 did not vest the State Industrial Commission with authority to make an award for a period not exceeding 300 weeks to commence on the 14th day of October, 1931.

While the claimant was entitled to an award under the "other cases" provision of the act, he was not entitled to compensation during the four years in which he was working for the petitioner in the same kind of work, for during that period there was no difference between his average weekly wage and his wage-earning capacity in the same employment or otherwise payable. Nevertheless, the period of that employment was a part of the maximum of 300 weeks authorized by the act. The time during which the petitioner was paying the claimant compensation at the rate of $18 per week was a part of the maximum of 300 weeks. The claimant was entitled to compensation during that period, and that compensation was paid in full. From and after the 14th day of October, 1931, the claimant was entitled to compensation for the remainder of the period of 300 weeks from and after September 13, 1926.

.The State Industrial Commission should award the claimant compensation at the rate of 66 2/3 per centum of the difference between his average weekly wages prior to his injury and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of his partial disability, for not to exceed 300 weeks from the 13th day of September, 1926, subject to reconsideration of the degree of impairment. Since there was no difference between the average weekly wages prior to the injury and the wage-earning capacity thereafter in the same employment or otherwise payable during the period between September 13, 1926, and October 6, 1930, the claimant is entitled to no compensation for that period. Since the claimant was paid compensation for the period from October

6, 1930, to October 14, 1931, he is entitled to no compensation for that period.

The award of the State Industrial Commission is vacated and the cause is remanded to it, with directions to enter an award in conformity herewith.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. RILEY, J., absent.

CLARK, V. C. J., dissents and states as his reason therefor that, under "other cases," the right to compensation did not accrue until there was a loss of earning capacity. This court has held that the time begins to run from the date of the injury and not from the date of the accident. The injury occurred in this case at the time there was a loss of earning capacity and not before.