## EXTENSION OIL & GAS CO. et al. v. GARNER et al.

No. 24230. Dec. 5, 1933.

Pierce, Follens & Rucker, for petitioners.

George H. Giddings, Jr., R. H. Morgan, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein. The parties will be referred to as petitioner and claimant.

On May 12, 1917, the claimant received an accidental personal injury arising out of and in the course of his employment with the petitioner, and which resulted in temporary total disability and in permanent partial disability within the meaning of the "other cases" provision of section 13356, O. S. 1931. The Commission made an order for the payment of the claimant so long as he was disabled, and the order was complied with. On July 23, 1919, the claimant filed an application for a hearing, alleging a total and permanent disability. The hearing was held, and on September 5, 1919, the Commission made an order holding that the testimony was not sufficient to show that the claimant was totally and permanently disabled and denying any lump sum payment. On September 16, 1919, an agreement between the parties was submitted to the Commission. In the settlement it was agreed that the claimant's injury amounted to a permanent partial disability, and settlement for the sum of $1,350 was agreed upon, based upon a permanent partial disability. That settlement was agreed upon and presented to the Commission on September 16, 1919, and duly approved by an order of the Commission the same day, after a hearing had before the Commission. The $1,350 was ordered to be paid in two equal installments of $675. The order was complied with. On May 26, 1923, the claimant filed a motion to reopen the case. At the hearing on the motion it was shown that the claimant was then working for another company and earning $140 per month at work similar to what he was doing at the time of his injury. On October 9, 1923, the Commission entered its order overruling the motion on the ground of insufficiency of evidence to show the claimant entitled to further compensation. On December 31, 1931, the claimant filed another motion to reopen, and hearings were had, and on October 15, 1932, the Commission made its finding and award here complained of. The testimony showed that the claimant had worked in a similar occupation for another company or compan-

ies for approximately ten years after the settlement in 1919, and at a salary ranging from $140 to $150, and that he was discharged in 1929 or 1930. The Commission found that the claimant, on May 12, 1917, while in the employment of the petitioner, had sustained an accidental injury to his right thigh and lower part of his back and fracture of his left femur, and that at the time the claimant's daily wage was $4, or $100 per month; that the claimant was temporarily totally disabled, and that during such period he was paid compensation at the rate of $10 per week. The Commission made a finding as to the settlement with the claimant for $1,350 in September, 1919, and its approval of same. The Commission further found that, since the making of its order in October, 1923, denying the claimant further compensation, the claimant has sustained a change in his condition for worse and sustained an increased permanent partial disability due to the accidental injury sustained on May 12, 1917; that the claimant's average daily wage has decreased in the same employment or otherwise from $4 per day to $1 per day, and that "* * * the difference in claimant's daily wage at the time of said accidental injury and his wage-earning capacity thereafter in the same employment or otherwise, since December, 1930, is $3 per day." The Commission made an award for compensation to the claimant at the rate of $9 per week for a period not to exceed 300 weeks, less 150 weeks' compensation paid September 16, 1919. The order made the compensation payable from December 22, 1931, the date of filing the last motion to reopen the case, and the Commission found that the claimant was entitled to 42½ weeks' compensation, or $382.50, past due at the time the order was made on October 15, 1932. From the facts presented it is evident that the Commission was without authority to render such an award.

At the time the claimant received his injury there was no provision in the Workmen's Compensation Act for a permanent partial loss of use of a member. That provision was made by section 6, ch. 61, S. L. 1923. There being no entire loss of the member or members injured, resulting in a total disability of same, his original rights to recover was governed by the "other cases" provision of section 13356, supra, which entitled him to compensation for permanent partial disability based upon 50 per cent. of the difference between his wage-earning capacity before and after the injury and for a period of 300 weeks. The claimant's total disability was ended and his partial permanent disability ·

had begun, if at all, when he returned to work in a similar occupation after the settlement on September 16, 1919, based upon a partial permanent disability. During the 300 weeks thereafter, on motion of either party or upon the Commission's own motion, the cause could have been reopened, on proper showing, for further consideration of the degree of such impairment caused by the original injury and shown by a change in condition. Had it been shown that there was a change for the worse, and that his wage-earning capacity was further reduced, the Commission could have so found and rendered its award accordingly.

In the instant case a settlement was approved for a fixed amount due for permanent partial disability and the 300 weeks' period had long since expired before the motion to reopen was filed. Ten years had expired, during none of which time the claimant had received less daily wage than he was receiving at the time of his injury. In Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78, this court held:

"Where an injured employee is permanently partially disabled under what is designated as 'other cases' under the provision of section 13356, O. S. 1931, his compensation is limited to 300 weeks from the commencement of the permanent partial disability, or, if there is temporary total disability, from the date the temporary total disability ceases, and is in the amount of 66 2/3 per centum of the difference between his average weekly wage at the time of the injury and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest. If during the period of 300 weeks there is any portion of the time when there is no difference between the average weekly wages at the time of the injury and the wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of the the partial disability, no compensation may be awarded for that period."

The per centum in that case was calculated under the provisions of the 1923 statute at 66 2/3 per centum of the difference of his average weekly wage, while in the instant case, under the provisions of the 1915 statute, in force at the time of the injury, it would be 50 per centum of the difference.

There is some testimony to show that the claimant suffered some partial disability during the 300 weeks' period and which was then or has since become a permanent par-

tial disability, but there is no testimony to the effect that the claimant's average week-ly wage was diminished during that time.

This court is of the opinion that the Commission was without authority to reopen the case and further consider any diminished wage-earning capacity of the claimant. The time to do so expired at the end of the 300 weeks' period from September 16, 1919.

The State Industrial Commission was without authority to make the award here considered, and that award is vacated.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAY-LESS, and WELCH, JJ., concur. BUSBY, J., absent.